THIS case came up on appeal from the decree of the Chancellor sitting in and for Sussex County on bill and answer filed by the said complainants and respondents, and heard before him without depositions having been taken, and upon which he ordered the bill to be dismissed. The facts alleged and admitted in the case will be found sufficiently stated in the opinion upon it in this court to dispense with any further reference to them here. The appeal was heard before Comegys, C. J., and Wootten, Houston and Wales, J.J.
THE bill in this case states, in substance, that, on the 14th day of April, 1865, Manaan Gum recovered a judgment D.S.B. in the Superior Court of Sussex County against Robert Hudson, for the real debt of one hundred and forty-seven dollars and twenty-seven cents, with interest from the 13th of March, 1863, the same being No. 15 as of the April Term, 1865, of the said court: That on the 13th day of March, 1866, he recovered against him, in the said court, another judgment D.S.B. for the real debt of one hundred and twenty-one dollars and fifty cents, with interest from the 12th of March, 1866, being No. 195 to the October Term, 1865, of the said court; and that, on the 4th day of December, 1867, Elisha W. Cannon and George W. Cannon, two of the appellants, as assignees of Lemuel Derrickson, recovered against the said Robert Hudson, in the said court, another judgment D.S.B. for the real debt of one hundred and forty-six dollars, with interest from the 24th of May, 1866, being No. 58 as of the October Term, 1867, of the said court: That at the time of the recovery of these judgments, respectively, said Robert Hudson was the owner in fee-simple, and possessed of a tract of land in Dagsborough Hundred, in said County of Sussex, containing one hundred acres, upon which the said judgments were liens: That, on the 24th day of February, 1869, the said Robert Hudson conveyed the said tract of *Page 23 
one hundred acres to his father, Seth Hudson, one of the respondents, for the consideration or sum of twelve hundred dollars: That, after the sale of that tract, the said. Robert Hudson bought another tract, containing fifty acres, from John T. Long, which was also in Dagsborough Hundred: That, on the 8th of March, 1869, Henry W. Long, as the assignee of the said John T. Long, recovered against him a judgment D.S.B. in the court aforesaid, for the real debt of thirteen hundred dollars, with interest from the 23d of February, 1869: That, on the 7th day of March, 1872, and after the death of the said Robert Hudson, but before the term of the said Superior Court next succeeding that event, the appellants, Elisha W. Cannon and George W. Cannon, recovered a judgment D.S.B. against said Robert Hudson, in the court aforesaid, for the real debt of one hundred and thirty-two dollars, being No. 189 as of the October Term, 1871, of the said court: That, the said two last-mentioned judgments are liens against the last-purchased tract only: That the said Robert Hudson recovered a judgment D.S.B. for the real debt of four hundred dollars in the said court against his said father, Seth Hudson, one of the respondents aforesaid, on the 2d of March, 1869, with interest from the 24th of February, 1869, the same being No. 313 as of the October Term, 1868, of the said court: That afterwards, the said Henry W. Long, as assignee as aforesaid of the said John T. Long, sued out of the said court a writ of fierifacias, upon his aforesaid judgment, against the said Robert Hudson, to satisfy the same, the said execution being No. 519 to the April Term, 1872; and it appears that he also sued out what is called afi. fa. attachment against the said Seth Hudson as garnishee of the said Robert Hudson [this was probably a fi. fa. against Robert Hudson with a clause of attachment which was laid in the hands of the said Seth Hudson]: That before the return of the said fi.fa., the said Robert Hudson died intestate, leaving all five of said judgments unsatisfied and unpaid: That under his said writ offi. fa. the said Henry W. Long, as asignee as aforesaid of said John T. Long, recovered out of the proceeds of the sale of the personal property of the said Robert Hudson the sum of *Page 24 
six hundred and three dollars and thirty cents, and that the said Seth Hudson, on or about the 20th day of May, 1871, paid to him, as such asignee, the sum of one hundred and three dollars and sixty-seven cents, and also, on the 4th of July, 1872, the further sum of seventy-five dollars, leaving yet unpaid a balance which is in the Superior Court, and which is supposed to be about the sum of three hundred and five dollars: That afterwards a writ of venditioniexponas to sell lands, being No. 433, to the October Term, 1872, of the said court, was issued at the suit of the said Henry W. Long, as assignee as aforesaid, and that under the same the aforesaid tract of fifty acres was sold on the 27th of September, 1872, to one John M. Mumford for the sum of eight hundred dollars, of which due return was made, showing costs of ninety-eight dollars and ten cents: That there are no other liens against the tract of fifty acres than the five judgments above stated: That no execution has ever been sued out upon either of the three first-mentioned judgments: That application was made to the Superior Court at the then last Term (October Term, 1872) to set aside the aforesaid sale of the said fifty-acre tract, which was denied; and, second, to apply the proceeds, after deducting the costs, to the balance due on the said judgment of the said Long, and to the judgment of the orators, Elisha W. Cannon and George W. Camion, No. 189, as of the October Term, 1871, so as to leave the holders of the said first three judgments to proceed against the one hundred-acre tract sold as aforesaid by the said Robert Hudson to his father Seth Hudson, on the principle of marshalling securities, which application was also denied on the ground that resort for relief under such a claim must be to a Court of Equity, and directing the sheriff and respondent, Josiah P. Marvel to hold the money arising from the said sale till application for its disposal could be made to the Chancellor: That the said Manaan Gum, the plaintiff in the first two judgments against the said Robert Hudson, assigned the same for value received to the said complainants, the Messrs. Cannon: That if the proceeds of the sale of the said tract of fifty acres be applied to the said first three judgments, it will pay them off and also pay a part of the first of the last two *Page 25 
judgments, that is, the judgment of Henry W. Long, assignee of John T. Long, but will leave wholly unpaid the last one, that is the judgment of the complainants, Cannon and Cannon, for the real debt of one hundred and thirty-two dollars recovered as aforesaid after the death of said Robert Hudson, but before a term had elapsed. The bill then discusses the equitable question of marshalling securities, claiming that as the first three judgments can be paid by a sale of the one hundred-acre tract, upon which they alone bind as liens, they ought not to be allowed to have applied to them any of the proceeds of the sale of the said fifty-acre tract, until the last two judgments have been fully satisfied and paid thereout, and that they should be compelled to resort in the first instance to the said tract of one hundred acres, and exhaust the proceeds of its sale in or towards the satisfaction of their said three judgments before claiming any part of the proceeds of the sale of the fifty-acre tract held by the sheriff. It is then shown that a part of the first of the last two judgments has been realized from the proceeds of the sale of said Robert Hudson's personal property. The bill then contains prayers suitable to the positions assumed in it, including a prayer for an injunction against the sheriff and defendant, Marvel, to restrain him from applying any part of the proceeds of the sale made by him to the said first three judgments against Robert Hudson.
At the ensuing March Term of the Court of Chancery a preliminary injunction was issued as prayed for in the bill, by consent of the respondents.
On the 9th of March, 1874, the respondent, Seth Hudson, filed his answer to the bill; and afterwards the bill and answer appearing to have been mislaid, a bill was filed of the same character as the first, by allowance of the Chancellor, nunc pro tunc, and another answer was also filed; but there is no material difference in either of them, respectively. Both the answers admit the main facts set forth in the bills, but the equity of each is denied. No depositions were taken on either side; but the proper exhibits were duly filed.
On the 26th day of June, 1877, the Chancellor made a decree *Page 26 
that the injunction be dissolved, that the bill be dismissed, and that the complainants pay the costs in three months, or attachment. From this decree the complainants below appealed.
The question, therefore, presented to us is this — did the chancellor err in dissolving the preliminary injunction and in dismissing the complainants' bill? This is answered by determining the question of the equity of the bill raised by the complainants, and met by the respondents. They are, here, as they were in the court below, fairly at issue upon the point of equity.
There is no principle of equity better settled than this — that where one creditor has two funds, to either of which he may resort for the payment of his lien upon both of them, and another creditor has a lien upon but one of them, he shall be required to resort in the first instance, to that one of them to which such other creditor cannot resort at all because he has no lien upon it. Stated differently — if there is a creditor by lien upon divers tracts of land, and another by lien upon one or more of them only, the former shall exhaust his remedy against those not covered by the latter's lien before resorting to them to satisfy a deficiency.
It is, however, another principle of equity — that a bonafide purchaser of lands shall not have his purchase subject to the payment of liens upon it, until the other lands held by the vendor at the time of the purchase, or afterwards acquired, shall have been made liable to such payment and found to be deficient for that purpose. The doctrine of vendor's lien for purchase-money, as it is stated in the courts, has not yet been recognized in this State. This brings us to the consideration of the question presented by the pleadings: whether in this case the first three judgments are entitled to the proceeds of the sale of the tract of fifty acres so far as the same is necessary to pay them off, to the exclusion of the last two judgments — as contended for by the appellees; or whether to only such part thereof as shall be requisite for that purpose after resort had to the tract of one hundred acres, sold as aforesaid by the debtor, Robert Hudson, to his father the said appellee, Seth Hudson as contended for by the appellants. *Page 27 
If the question were one between the creditors of Robert Hudson alone, he holding the two tracts of land, and the last two judgments were mortgages of the last acquired tract of fifty acres, we should have no hesitation in saying that the tract of one hundred acres should be first resorted to by the creditors in the first three judgments for payment of them in case they were proceeding to collect them; and in case they were not, and yet a sale of the fifty-acre tract had been made by legal process, that to the extent its proceeds should be necessary to discharge them, the creditors in such mortgages should stand in the place of the creditors in the first three judgments, and should have their mortgage-money paid out of the tract upon which they were no lien, by a principle of subrogation, or substitution, which is familiar equity. But the question is not between Robert Hudson's creditors only, another party being concerned in it — the appellee, Seth Hudson. He bought the tract of one hundred acres before either of the last two judgments was recovered, and paid for it, partly in cash and partly by his obligation for the balance, both sums together making the whole purchase-money. In his answer he says that it was intended that the first three judgments should be satisfied out of this purchase money; but that was not done, and it is immaterial to this question that it was not. It is also alleged by him that the tract of fifty acres was purchased by Robert Hudson before the sale of the one hundred acre tract; but that is immaterial also. The first three judgments remained unsatisfied, and liens against that tract, and became such upon the other tract the moment the title to it passed. In this state of the case, an equity arose in behalf of Seth Hudson to have the tract last purchased subjected to the payment of the first three judgments before his own could be touched, upon a well-known principle recognized and enforced in courts of equity and hereinbefore referred to. Here, then, were two equities — that of Seth Hudson, just stated, and that of the junior creditors of Robert Hudson to have the one hundred-acre tract sold and applied first to the senior judgments. It cannot be contended that the equity of the junior creditors is greater than that of Seth Hudson, the *Page 28 
purchaser, who paid his full purchase-money in one way or another. The most that can be said of it is, that it is the equal of his. It can be no better with respect to either of the junior judgment creditors, and not so good, so far as the first junior judgment is concerned; for the assignor of it, John T. Long, who was the vendor of the fifty-acre tract, could have secured himself by a mortgage for purchase-money. Assuming, however, the equities to be equal, the whole question is settled by a well-known maxim: In equali jure, melior est conditiondefendentis — where the equities are equal, the defendant is to be favored. It is also another rule recognized in courts of law, that when a loss must fall upon one of two innocent persons, both being free from blame, and justice being thus in equilibrio, the same principle shall apply. Per Bailey, J., in East India Companyv. Tritton, 3 B. C, 289 (10 Eng. C.L.). It was imprudent, undoubtedly, in Seth Hudson not to apply his purchase-money, so far as needed for that purpose, to pay off the judgments against Robert Hudson, his grantor, at the time of the conveyance to him of the one hundred-acre tract; but that in no wise affects his equity, the principle of looking to the application of purchase-money having no relation to a case like his. If he chose to take the risk of Robert paying the judgments off, on acquiring other land which would be bound by them, he had the right to do so.
We are, therefore, of opinion that the decree of the Chancellor ought to be affirmed, with costs.